IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAE LLC, et al.,                    )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )      No.  11 C 2269
                                    )
NISSAN MOTOR ACCEPTANCE             )
CORPORATION,                        )
                                    )
            Defendant.              )

MEMORANDUM OPINION AND ORDER

Nissan Motor Acceptance Corporation ("Nissan") has just
removed this action from the Circuit Court of Cook County to this
District Court, seeking to invoke federal subject matter
jurisdiction on diversity of citizenship grounds.  Our Court of
Appeals consistently teaches (1) that the first thing a District
Judge should look at when a case is delivered to his or her
calendar is the existence or nonexistence of subject matter
jurisdiction (see, e.g., Wis. Knife Works v. Nat'l Metal
Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986)) and (2) that such
task must be undertaken sua sponte (see, e.g., Wernsing v.
Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).  Because Nissan has
not met its burden of establishing diversity, this Court sua
sponte remands this action to its state court of origin.

Notice of Removal ("Notice") ¶¶3.c and 3.d properly identify
both Nissan's state of incorporation and the location of its
principal place of business in accordance with 28 U.S.C.

§1332(c)(1).[1]  Complaint ¶3.b improperly refers to the residence of individual plaintiff Joseph Abbas instead of his state of citizenship, in which event such cases as Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) teach "the district court must dismiss the suit."  Nonetheless this Court is generally loath to take that Draconian step on the premise that the error, though careless, is most often swiftly curable and, as well, is perhaps somewhat understandable.

That cannot be said, however, as to the mishandling by Nissan's counsel of the relevant citizenship of coplaintiff SAE LLC, as to which Complaint ¶3.a states only this:

> Plaintiff SAE LLC is now alleged to be and at the commencement of this action was an Illinois corporation with its principal place of business in Illinois.

Both those facts are jurisdictionally irrelevant when a limited liability company is involved.  Such allegations ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)).  And that teaching has of course been echoed many times over by this Court and its colleagues.

For a number of years this Court was content simply to

---

[1]  All further references to Title 28's provisions will simply take the form "Section--."

identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing</u>, 423 F.3d at 743). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others.

Because Nissan has thus failed in its burden to establish the existence of subject matter jurisdiction, Section 1447(c) mandates the remand of this action for lack of jurisdiction, and this Court so orders. To that end the clerk is ordered to mail a certified copy of the order of remand to the clerk of the Circuit Court of Cook County forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 5, 2011